## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REBECCA S. ZEIGENFUSE** | ) | |
| **on behalf of herself and all others** | ) | |
| **similarly situated** | ) | |
| | ) | **C.A. No. 06-2789** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **APEX ASSET MANAGEMENT, L.L.C.** | ) | |
| | ) | **CLASS ACTION** |
| **Defendant.** | ) | |

### ORDER

AND NOW, this ___ day of ____, 2006, upon consideration of Plaintiff's Motion to Strike Offer of Judgment, and Defendant's response thereto, it is hereby ORDERED that the Motion is granted. The Offer of Judgment served by Defendant in this case is hereby stricken and declared to be of no effect.

_____

Bartle, U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECCA S. ZEIGENFUSE<br>on behalf of herself and all others<br>similarly situated | ) ) ) | |
| | ) | C.A. No. 06-2789 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| APEX ASSET MANAGEMENT, L.L.C. | ) | |
| | ) | CLASS ACTION |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT

Plaintiff Rebecca S. Zeigenfuse, by counsel, for the reasons more fully set forth in the

accompanying Memorandum of Law, hereby moves this Court for an Order striking the Offer of

Judgment served in this case and declaring the Offer of Judgment as having no effect.

Date: October 20, 2006

RESPECTFULLY SUBMITTED,
**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS, ESQUIRE
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

**DONOVAN SEARLES, LLC**

BY:

*s/ David A. Searles*
David A. Searles, Esq.
1845 Walnut Street ,Suite 1100
Philadelphia, PA  19103
(215) 732-6067

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REBECCA S. ZEIGENFUSE** | ) | |
| **on behalf of herself and all others** | ) | |
| **similarly situated** | ) | |
| | ) | **C.A. No. 06-2789** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **APEX ASSET MANAGEMENT, L.L.C.** | ) | |
| | ) | **CLASS ACTION** |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT**

**A.      Background**

Plaintiff began this matter with a Class Action Complaint filed on June 26, 2006 seeking to enforce provisions of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), that apply for the benefit of all consumers similarly situated. 15 U.S.C. § 1692k(a)(2)(B). In particular, the Plaintiff contends that Defendant Apex Asset Management, LLC ("Apex") violated the FDCPA by failing to list an account as disputed following a consumer dispute received from a consumer reporting agency. 15 U.S.C. § 1692e(8); *Wesley v. Cavalry Investments, LLC*, 2006 WL 1285020 (E.D. Pa. May 9, 2006). Plaintiff alleges, among other things, that as a result of Defendant's actions, she was caused actual damage in the form of a reduction of her credit score. Complaint, ¶ 20. Relief sought by the Complaint includes actual and statutory damages for Plaintiff and the Class. 15 U.S.C. § 1692k(a)(1), (2)(A) and (B).

On September 13, 2006, Plaintiff filed a Motion for Extension of Time to File Motion for Class Certification.[1] That Motion was granted by the Court on September 18, 2006, with a deadline for the class certification motion to be decided at a later date. On October 16, 2006, Defendant filed an Answer to the Complaint. A Rule 16 conference has been scheduled for November 1, 2006.

On October 16, 2006, Defendant tendered an Offer of Judgment Pursuant to Rule 68 (the "Offer") to Plaintiff. A copy of the Offer is attached hereto as Exhibit A. The Offer was apparently directed to the Plaintiff only in her individual capacity, and not as the representative of the Class. The Offer consisted, *inter alia*, of judgment in favor of Plaintiff in the "amount of One Thousand and One Dollars ($1,0001.00) [sic]" and fees and costs accrued through the date of the Offer. *See* Exhibit A hereto. The Offer expressly stated as follows: "This Offer of Judgment renders Plaintiff's' individual claims against Apex moot as it provides more than the maximum statutory[2] recovery available to Plaintiff under the FDCPA." *Id.*, at ¶ 3.

Defendant has blatantly attempted to use Rule 68 to moot Plaintiff's claim so as to deprive this Court of jurisdiction over this matter and the putative class that Plaintiff seeks to represent. This tactic has been expressly rejected by our Court of Appeals and by many other courts. For the reasons discussed below, Plaintiff requests that this Court strike the Offer and declare it to be of no effect in this case.

---

[1]  Plaintiff seeks to represent a class of all consumers in the Commonwealth of Pennsylvania who disputed an account reported by Defendant through a consumer reporting agency. Complaint, ¶ 21.

[2]  The Offer mentions only statutory damages and does not address Plaintiff's claim for actual damages under section 1692k(a)(1). As such, the Offer's implication in paragraph 3 that it provides the maximum recovery available to Plaintiff under the FDCPA is inaccurate. *See Colbert v. Dymacol, Inc.*, 344 F.3d 334 (3d Cir. 2003) (where offer of judgment to class representative in FDCPA class action did not provide plaintiff with all relief requested in complaint, court dismissed Rule 23(f) appeal as improvidently granted), cited in *Weiss v. Regal Collections,* 385 F.3d 337, 339 (3d Cir. 2004).

## B.     <u>Legal Argument</u>

Fed. R. Civ. P. 68 provides in pertinent part as follows:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. ... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer.

In this case, Defendant ostensibly tendered the Offer in accordance with Rule 68. However, even if she wanted to, Plaintiff is not at liberty to accept the Offer because she is the representative plaintiff in this putative class action. Rule 68 is incompatible with class actions because a representative plaintiff has limited authority to accept a settlement offer, formal or informal, and that authority is subject to the review and approval of the Court regarding notice, fairness, adequacy and reasonableness. Fed.R.Civ.P. 23(e)(1)(A).[3]  *See Weiss v. Regal Collections,*385 F.3d 337, 349 n.21 (3d Cir. 2004) (putative class representative's claim cannot be mooted by a Rule 68 offer of judgment so as to defeat federal subject matter jurisdiction in a suit requesting class-wide relief; amended class action rules require approval of settlement of claims of a certified class).

Rule 68 does not mesh with the careful supervision required of the district court under Rule 23(e) because Rule 68 sets a nondiscretionary ten day limit on the plaintiff's power of

---

[3]  Fed. R. Civ. P.  23(e)(1) provides:
   (A)  The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defense of a certified class.
   (B)  The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.
   (C)  The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.

acceptance, which is clearly insufficient to consider the merits of the offer, provide notice to class members and obtain court approval. *See Marek v. Chesny*, 473 U.S. 1, 33, n. 49 (1985) (Brennan, J. dissenting).

Nor does Rule 68 address the inherent conflict of interest faced by a representative plaintiff to whom an offer of judgment has been made. The offer exposes the representative-offeree to liability for costs and expenses that could not be recouped from unnamed class members. The leading treatise on class actions explains why Rule 68 should not apply where a case is filed as a class action:

> [B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial costs for the sake of absent class members.

5 NEWBERG ON CLASS ACTIONS, § 15.36 at 115 (4th ed. 2002).

The conflict between the policies behind Rules 23 and 68 have led the vast majority of courts to reject attempts by defendants to subvert a pending class action with a Rule 68 offer. *See Weiss v. Regal Collections*, 385 F.3d at 344 (allowing a defendant to "pick off" a class representative with an offer of judgment undercuts viability of class action procedure); *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012,1015 (7th Cir. 1999) (court observed that the tactic "is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit, (citing cases)" (emphasis in original); *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("[j]udgment should be entered against a putative class representative on a defendant's offer of judgment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit. This rule protects a class representative's responsibilities to the putative class members

from being terminated by a defendant's attempts to pay off the representative's claims." (citations omitted)); *Roper v. Consurve, Inc.*, 578 F.2d at 1110 (5th Cir. 1978) ("notion that a defendant may short-circuit a class action by paying off the class representatives ... deserves short shrift"). *See also Martin v. Mabus*, 734 F. Supp. 1216, 1222 (S.D. Miss. 1990) ("procedures prescribed by Rule 68 for making an offer of judgment are literally inapplicable because Rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised"); *Gay v. Waiters' and Dairy Lunchmen's Union*, 86 F.R.D. 500 (N.D. Cal. 1980) (holding Rule 68 inapplicable to class actions).

This Court has had occasion to acknowledge the general protections that courts must enforce on behalf of absent class members. In *Dondore v. NGK Metals Corp.*, 152 F. Supp.2d 662 (E.D. Pa. 2001), this Court ruled that it was improper for defense counsel to interview potential class members involving the alleged tortious conduct at issue in the case. The Court relied on *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), and similar Pennsylvania cases in enunciating traditional principles of class actions: that the "mere initiation of a class action extends certain protections to potential class members," and that "putative class members are 'properly characterized as parties to the action.'" *Dondore*, 152 F.Supp.2d at 665-66, quoting *Bell v. Beneficial Consumer Disc. Co.*, 465 Pa. 225, 348 A.2d 734, 736 (1975); *Alessandro v. State Farm Mut. Auto. Ins. Co.*, 487 Pa. 274, 409 A.2d 347, 350 n. 9 (1979). This Court concluded that restraints are needed against communications with putative class members until the issue of class certification can be decided, reasoning that, "[a]s a practical matter, a court cannot decide the issue of class certification immediately upon the filing of the complaint. Discovery is often required and the preparation and study of briefs is necessary. Thus, certain

benefits must be afforded the putative class members in the interim." *Dondore*, 152 F.Supp.2d at 666.

While there is no evidence here that Defendant has attempted to communicate directly with class members, the principles articulated by this Court in *Dondore* are equally applicable. The class action device requires that the interests of the absent class members be protected pending a determination of class certification. Because the Offer undermines those principles, it should be stricken and be declared to be of no effect.

### C.    Conclusion

For the reasons discussed above, Plaintiff requests that Defendant's Offer of Judgment be stricken and declared to be of no effect.

Date: October 20, 2006

RESPECTFULLY SUBMITTED,
**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS, ESQUIRE
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

**DONOVAN SEARLES, LLC**

BY:      *s/ David A. Searles*
David A. Searles, Esq.
1845 Walnut Street ,Suite 1100
Philadelphia, PA  19103
(215) 732-6067

Attorneys for Plaintiff and the Class

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REBECCA S. ZEIGENFUSE**, on behalf of herself and all others similarly situated, | **Civil Action** |
| Plaintiff, | **No. 2:06-cv-02789-HB** |
| **vs.** | |
| **APEX ASSET MANAGEMENT, L.L.C.**, | |
| Defendant. | |

### OFFER OF JUDGMENT

TO:   PLAINTIFF ABOVE-NAMED AND HER ATTORNEYS:

Pursuant to Fed. R. Civ. P. 68, defendant, Apex Asset Management, LLC ("Apex"), hereby offers to allow judgment to be taken against Apex and in favor of plaintiff, as follows:

1) Judgment shall be entered against Apex in the amount of One Thousand and One Dollars ($1,0001.00) for Apex' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a, et seq.,("FDCPA");

2) The Judgment entered shall include an additional amount for plaintiff's reasonable costs and attorney's fees accrued through date of service of this Offer of Judgment of an amount, either as agreed to by counsel for the parties, or in the event counsel cannot agree, as determined by the Court on application by plaintiff's counsel;

3) This Offer of Judgment renders Plaintiff's individual claims against Apex moot as it provides more than the maximum statutory recovery available to Plaintiff under the FDCPA.

4) This Offer of Judgment is made solely for the purposes specified in Rule 68, and is not to be construed either as an admission that Apex is liable in this action, or that the plaintiff has suffered any damage; and

5) In accordance with Rule 68, if this Offer of Judgment is not accepted by plaintiff within 10 days after service of the Offer, the Offer shall be deemed withdrawn and evidence of this Offer will be inadmissible except in any proceeding to recover costs.  If this Offer of Judgment is not accepted by plaintiff and the judgment finally obtained by plaintiff is not

- 1 -

more favorable than this Offer, the plaintiff must pay her costs incurred after making this Offer, as well as the costs of the defendant as allowed by the law of this Circuit.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY _____

ANDREW M. SCHWARTZ, ESQUIRE
Attorney I.D.  No. 79427
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215)575-2765

Attorney for Defendant, Apex Asset
Management, LLC

ACCEPTED: _____

Attorney for Plaintiff

DATE: _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REBECCA S. ZEIGENFUSE**, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>**vs.**<br><br>**APEX ASSET MANAGEMENT, L.L.C.,**<br><br>        Defendant. | **Civil Action**<br>**No. 2:06-cv-02789-HB** |

### CERTIFICATE OF SERVICE

I,  Andrew M. Schwartz, Esquire, do hereby certify that a true and correct copy

of *DEFENDANT APEX ASSET MANAGEMENT, LLC'S OFFER OF JUDGMENT*

was served upon Plaintiff through her counsel by first class mail on <u>October 16, 2006</u>,

at following addresses:

David A. Searles, Esquire
DONOVAN SEARLES, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103

James A. Francis, Esquire
FRANCIS & MAILMAN, PC
100 S. Broad Street
Land Title Bldg., 19th Floor
Philadelphia, PA  19110

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
     ANDREW M. SCHWARTZ, ESQUIRE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date below, a true and correct copy of the foregoing was served upon the following by electronic mail:

Andrew M. Schwartz, Esquire
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, PA 19103

Dated: October 20, 2006

*s/ David A. Searles*
David A. Searles